UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR HUGO BOTELLO,

    Plaintiff,

v.

S. HANLON, et al.,

    Defendants.

No. 2:18-cv-0162-TLN-EFB P

ORDER

Plaintiff is a state prisoner proceeding though counsel in an action brought under 42 U.S.C. § 1983. He has filed an amended complaint (ECF No. 15) and a request to proceed in forma pauperis (ECF Nos. 6, 9). For the reasons stated below, plaintiff will be allowed to proceed in forma pauperis but his amended complaint must be dismissed with leave to amend.

<u>Application to Proceed In Forma Pauperis</u>

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

<u>Screening</u>

I.   <u>Screening Requirements</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question,

2

*Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

II. Screening Order

Plaintiff's amended complaint, which supersedes the original complaint, alleges that on January 18, 2017, correctional officer Hanlon fabricated plaintiff's statement in a rules violation report, thereby causing plaintiff "to be labeled a jailhouse rat." ECF No. 15 at 2-3. Lieutenant Jimenez allegedly "allowed the fabrication" and Warden Arnold allegedly "covered it up saying no policy was violated." *Id.* at 3. On January 29, 2017, plaintiff was allegedly stabbed nine times by other inmates, causing paralysis to the right side of his face and a collapsed lung. *Id.*

Plaintiff is attempting to state a claim for deliberate indifference to his safety in violation of the Eighth Amendment but his allegations fail to do so. Deliberate indifference requires an objective risk of harm and a subjective awareness of that harm. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). It is unclear from the complaint whether Hanlon intentionally misstated plaintiff's status in the rules violation report or knew that the misstatement would subject plaintiff to a risk of attack. The complaint does not even allege how the attacking inmates came to believe that plaintiff was a jailhouse rat, or critically, that the inmates attacked plaintiff because of such a belief. Finally, plaintiff has failed to explain how Jiminez or Arnold were personally involved in any violation of plaintiff's rights. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights. Liability under § 1983 must be based on the personal involvement of the defendant").

Plaintiff also purports to assert a state law negligence claim. ECF No. 15 at 4. Unless and until plaintiff asserts a properly pleaded federal cause of action, this court will not exercise supplemental jurisdiction over a state law claim.

III. Leave to Amend

Plaintiff may choose to file an amended complaint which observes the following:

/////

3

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). As noted above, he should specifically describe how each defendant personally deprived him of those rights. He should include dates, locations, recollected verbal exchanges, and any other context he deems relevant.

His amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization.

<u>Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF Nos. 6, 9) is granted.

/////

/////

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. The amended complaint (ECF No. 15) is dismissed with leave to amend within 30 days of service of this order.
4. Failure to comply with this order may result in dismissal of this action.

Dated: July 17, 2018.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE