UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR HUGO BOTELLO, <br><br> Plaintiff, <br><br> v. <br><br> S. HANLON, et al., <br><br> Defendants. | No. 2:18-cv-162-TLN-EFB P <br><br> ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding through counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. After the dismissal of his amended complaint pursuant to 28 U.S.C. § 1915A, he has filed a second amended complaint (ECF No. 19), which the court must now screen pursuant to section 1915A.

Congress mandates that district courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

/////

1

The court has reviewed plaintiff's second amended complaint and for the limited purposes of § 1915A screening finds that it states potentially cognizable negligence and Eighth Amendment deliberate indifference to safety claims against defendants Hanlon and Jimenez.[1] *See* ECF No. 19 (alleging that Hanlon fabricated plaintiff's statement, causing plaintiff to be labelled and attacked as a snitch, and that Jimenez was aware of the fabrication and refused to fix it). Plaintiff also alleges that Warden Arnold "covered up" Hanlon's fabrication by "declaring that no policy was violated." *Id.* at 4. Plaintiff fails to articulate how Arnold's declaration in this regard amounted to a violation of his rights. And "[t]here is no respondeat superior liability under section 1983." *Taylor v List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff, who proceeds through counsel, has already had an opportunity to amend his claim against Warden Arnold. The allegations against Arnold in the second amended complaint do not materially differ from those in the prior complaint. Accordingly, the court finds that further leave to amend would be futile.

Accordingly, it hereby is ordered that:

1. Service is appropriate for defendants Hanlon and Jimenez.
2. The Clerk of the Court shall send plaintiff two USM-285 forms, one summons, an instruction sheet and one copy of the August 16, 2018 second amended complaint.
3. Within 30 days from service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit it to the court with the completed summons and USM-285 forms and three copies of the endorsed complaint.
4. Upon receipt of the necessary materials, the court will direct the United States Marshal to serve defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs. Failure to comply with this order may result in this action being dismissed.

---

[1] Supervisors, such as Lt. Jimenez, are liable for constitutional violations of their subordinates if they know of the violations and fail to act to prevent them. *See Taylor v. List*, 880 F.2d 1040, at 1045 (9th Cir. 1989).

2

1     Further, IT IS HEREBY RECOMMENDED that defendant Warden Arnold be dismissed from this action.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 26, 2018.

EDMUND F. BRENNAN  
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR HUGO BOTELLO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. HANLON, et al.,<br><br>　　　　　Defendants. | No. 2:18-cv-162-TLN-EFB P<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

Plaintiff hereby submits the following documents in compliance with the court's Screening Order:

　　__1__　　completed summons form

　　__2__　　completed forms USM-285

　　__3__　　copies of the endorsed August 16, 2018 second amended complaint

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Plaintiff

Dated:

4