XAVIER BECERRA, State Bar No. 118517
Attorney General of California
R. LAWRENCE BRAGG, State Bar No. 119194
Supervising Deputy Attorney General
ANDREW WHISNAND, State Bar No. 300739
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7366
  Fax: (916) 324-5205
  E-mail: Andrew.Whisnand@doj.ca.gov
*Attorneys for Defendants Hanlon and Jimenez*

BENJAMIN RUDIN, State Bar. No. 292341
  3830 Valley Centre Drive
  Suite 705, No. 231
  San Diego, California 92130
  Telephone: (858) 256-4429
  E-mail: ben@benrudin.law
*Attorney for Plaintiff Victor Botello*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **VICTOR HUGO BOTELLO,**<br><br>                            Plaintiff,<br><br>     v.<br><br>**S. HANLON, et al.,**<br><br>                           Defendants. | 2:18-cv-00162-TLN-EFB<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**Local Rule 141.1**<br><br>Judge:     The Honorable<br>               Edmund F. Brennan<br>Action Filed: January 25, 2018 |

**IT IS STIPULATED BY THE PARTIES, BY AND THROUGH THEIR RESPECTIVE COUNSEL, AND ORDERED BY THE COURT AS FOLLOWS:**

**I.   CONFIDENTIAL MATERIAL SUBJECT TO THIS PROTECTIVE ORDER**

     Plaintiff Botello, an inmate proceeding with counsel, claims that Defendants Officer Hanlon and Lieutenant Jimenez violated his Eighth Amendment rights by failing to prevent

1

another inmate from assaulting him. Specifically, Plaintiff claims that Defendant Hanlon falsely attributed a statement to him in a Rules Violation Report regarding an inmate-manufactured weapon, causing him to be labeled a "snitch" and stabbed by members of his gang. Plaintiff also claims that Defendant Jimenez was aware of the false statement and refused to correct it.

After Plaintiff was assaulted, prison officials interviewed him regarding his safety concerns and his desire to disassociate from his gang. Prison officials also took investigatory steps to determine the veracity of the information that Plaintiff disclosed during the interview. The results of the interview and ensuing investigation were recorded in a confidential memorandum. The memorandum contains highly sensitive information including, among other things: the names and CDCR numbers of current or former members of gangs; gang keywords and aliases; gang structure and by-laws; and the methods to obtain, create, or conceal contraband, such as cell phones or inmate-manufactured weapons.

CDCR also maintains a personnel file concerning Defendants.

## II. NEED FOR PROTECTION OF CONFIDENTIAL MATERIAL

Defendants contend that the confidential memorandum discussed above is protected by the official information privilege under federal law and, but for this protective order, should not be disclosed. *Kerr v. United States Dist. Ct. for N.D. Cal.*, 511 F.2d 192, 198 (9th Cir. 1975), *aff'd*, 426 U.S. 394 (1976); *see also Kelly v. City of San Jose*, 114 F.R.D. 653, 670 (N.D. Cal. 1987) (privilege only applies if "disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests").[1] Defendants also contend that, absent this protective order, disclosure of this memorandum could jeopardize the safety and security of California prisons—in particular, it could jeopardize the safety of Plaintiff and any other inmates mentioned in the memorandum. Cal. Code Regs. tit. 15, § 3321 (a)(1)(2)(5), 3450(d) (2019). Unprotected disclosure of the memorandum would also violate the

---

[1] At this point in time, Defendants believe that disclosure of the confidential memorandum subject to this protective order will *not* create a substantial risk of harm to governmental or privacy interests. Nevertheless, Defendants reserve the right to reassert the official information privilege, and to withhold this memorandum or any other confidential document, if changed circumstances suggest that a protective order will not adequately reduce these risks.

privacy rights of third-party inmates, officers, and non-inmates mentioned in the memorandum. Cal. Const. art. I, § 1; Cal. Civ. Code § 1798.24.

Defendants contend that their personnel files are protected by the official information privilege and their right of privacy. Cal. Penal Code §§ 832.7, 832.8; Cal. Const. art. I, § 1; Cal Code Regs., tit. 15, §§ 3321, 3400; *see also Kelly*, 114 F.R.D. at 656 (when analyzing privilege issues in civil rights cases, "federal courts generally should give some weight to privacy rights that are protected by state constitutions or state statutes.").

### III. NEED FOR A COURT ORDER

In this action, Plaintiff has propounded requests for the production of documents, which would include the confidential memorandum discussed above and Defendants' personnel files. Defendants' personnel files are maintained by CDCR or the California State Prison – Solano (CSP-SOL). Since CDCR and CSP-SOL are not parties to this litigation, a private agreement among the parties is not sufficient to protect CDCR's interests in maintaining the confidentiality of these investigative documents.

### IV. CONDITIONS FOR RELEASE OF CONFIDENTIAL DOCUMENTS

The Court orders the following to protect the confidentiality of the documents described above:

1. The provisions of this Protective Order apply to the documents or materials designated by Defendants as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." The Court-issued Protective Order applies because the designated documents or materials contain confidential information, which if shared, could jeopardize the safety and security of CDCR institutions, its employees, inmates, informants and their families, or other individuals.

    a. The designation of "CONFIDENTIAL" is intended to encompass documents or materials that Defendants or nonparty CDCR in good faith believe contain information that would not ordinarily be disclosed to other persons or entities because the information is confidential under state or federal law or protected by privilege.

///

b. The designation of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" is intended to encompass documents or materials that Defendants or CDCR in good faith believe contain information that is particularly sensitive and therefore requires the utmost level of protection. This designation will only be used when the material, if shared, could jeopardize the safety and security of CDCR institutions, its employees, inmates, informants and their families, the Defendants, or other individuals.

2. The designation of information or materials for purposes of this Protective Order shall be made in the following manner by the party or nonparty seeking protection:

    a. In the case of documents, exhibits, briefs filed with the Court, or other materials, excluding depositions or other pretrial and trial testimony, the designating party shall clearly designate the document as either "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS EYES ONLY" to the first page and each page containing any confidential information. If the document was produced in electronic format, the designating party shall designate the confidential document by physically labeling the outside of any media storing the electronic documents.

    b. In the case of depositions or other pretrial testimony, the designating party shall, through counsel, state on the record what portions of the transcript shall be designated "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS EYES ONLY." The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation.

    c. The designation shall be made (i) at the time such materials are disclosed or as soon as possible thereafter; or (ii) as soon thereafter as Defendants or CDCR become aware of an inadvertent production without a confidential designation.

3. Information or materials designated as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS EYES ONLY" under this Protective Order, or copies or extracts and compilations therefrom, may be disclosed, described, characterized, or communicated only to the following persons:

    a. Counsel for record for Plaintiffs in this action;

  b. The attorney(s) of record for Defendants and CDCR;

  c. Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel for Plaintiff, Defendants, and CDCR, who are necessary to aid counsel for Plaintiff, Defendants, and CDCR in the litigation of this matter;

  d. Court personnel and stenographic reporters engaged in such proceedings are incidental to the preparation for the trial in this action; and

  e. Experts retained by counsel.

4. No documents or material designated as "CONFIDENTIAL — ATTORNEYS EYES ONLY," or any information contained in such documents or material, shall be shown to, discussed with, or disclosed in any other manner to Plaintiff, any other inmate or former inmate, any parolee or former parolee, or any other person who is not a current or former CDCR employee, including any percipient witness, unless a written waiver expressly authorizing such disclosure has been obtained from counsel for Defendants or CDCR.

5. No person who has access to any confidential material as set forth above shall copy any portion of the confidential material, except as necessary to provide a copy of the confidential material to any other authorized individual listed in paragraph 3, or to submit copies to the Court under seal in connection with this matter. Any copies made for such purpose will be subject to this order. A copy of this order must be provided to any individual authorized to access the confidential material before providing that individual with access to the confidential material, including experts or consultants retained by counsel. Counsel for the parties shall maintain a record of all persons to whom access to the confidential material has been provided. The Court and counsel for Defendants and CDCR may request a copy of such record at any time to determine compliance with the Court's order.

6. ~~Any argument, discussion, or examination of any witness privy to the confidential material shall be done *in camera* and any record of such argument, discussion, or examination shall be kept under seal, subject to the Court's order to the contrary. Counsel for each party shall only discuss in open court the summaries of confidential information as worded by Defendants and CDCR contained in any non-confidential record.~~

5

<span style="color:red">Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a party may not file or place in the public record in this action material designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Rather, that party must provide the designating party an opportunity to seek a sealing order to permit the filing of the confidential material under seal. Any party who seeks a sealing order must comply with Local Rule 141 and satisfy the applicable legal standards for obtaining such an order. As provided in Local Rule 141, a sealing order will issue only upon a request establishing that the material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the relevant legal standards.</span>

7. At the conclusion of the proceedings in this case, including any period for appeal or collateral review, or upon other termination of this litigation, counsel for Plaintiff shall destroy all confidential materials and all copies of such material in counsel's possession or return such materials to counsel for Defendants. When Plaintiff's counsel returns or destroys the confidential material, they shall provide Defendants' counsel with a declaration stating that all confidential material has been returned or destroyed

8. Nothing in this protective order is intended to prevent officials or employees of the State of California, or other authorized government officials, from having access to confidential material to which they would have access in the normal course of their official duties.

9. If a party believes that a producing party's designation of information as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" is not warranted, the party shall first make a good faith effort to resolve such a dispute with opposing party. In the event that the parties cannot resolve such a dispute, either party may challenge that designation by making an application to the Court in accordance with the Magistrate Judge's Standing Orders, the Local Rules of the United States District Court for the Eastern District of California, and the Federal Rules of Civil Procedure.

10. The provisions of this protective order are without prejudice to the right of any party:

    (a) To apply to the Court for a further protective order relating to any confidential material or relating to discovery in this litigation;

        (b) To apply to the Court for an order removing the confidential material designation from any documents; or

        (c) To object to a discovery request.

11. All confidential material in this matter shall be used solely in connection with the litigation of this matter, or any related appellate proceeding and collateral review, and not for any other purpose, including any other litigation or proceeding.

12. Any violation of this order may result in sanctions by this Court, including contempt, and may be punishable by state or federal law.

13. The provisions of this order shall remain in effect until further order of this Court. The Court will provide counsel for Defendants and CDCR an opportunity to be heard should the Court find modification of this order necessary.

**IT IS SO STIPULATED.**

Dated: May 9, 2019

ANDREW WHISNAND
Deputy Attorney General
*Attorneys for Defendants*
*Hanlon and Jimenez*

Dated: May 9, 2019      /s/ Ben Rudin

BENJAMIN RUDIN, ESQ.
*Attorney for Plaintiff Victor Botello*

    IT IS SO ORDERED

DATED: May 30, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

SA2019300295
13711974.docx